IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM MARK SULLIVAN,<br> Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:13-CV-135-Y |
| WILLIAM STEPHENS, Director,[1]<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br> Respondent. | §<br>§<br>§<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

#### I. FINDINGS AND CONCLUSIONS

##### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

##### B. PARTIES

Petitioner William Mark Sullivan, TDCJ # 01849693, is a state prisoner currently incarcerated in a state jail facility in Bonham, Texas.

---

[1] Effective June 1, 2013, William Stephens succeeded Rick Thaler as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice, and is "automatically substituted as a party." FED. R. CIV. P. 25(d).

Respondent William Stephens is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

On October 23, 2000, pursuant to a plea agreement, petitioner pleaded guilty to one count of aggravated sexual assault of a child in Wise County, Texas, Case No. CR10805, and the trial court sentenced him to five years' imprisonment. (SHR[2] at 36-42) Telephonic communication with TDCJ confirmed that petitioner's five-year sentence was fully discharged on January 29, 2003. Petitioner has been twice convicted of failing to satisfy state sex-offender-registration requirements since his release. TDCJ's Offender Information Details, *available at* http://www.tdcj.state.tx.us.

In this petition, filed on February 15, 2013, petitioner challenges his 2000 Wise County conviction on five grounds. (Pet. at 6-10) Petitioner filed a state postconviction habeas application on August 23, 2012, raising the same grounds, which was dismissed on October 31, 2012, because petitioner's five-year sentence was fully discharged. (SHR at cover)

## D. Subject Matter Jurisdiction

Although respondent was directed to file a preliminary response addressing only the issue of limitations, this court has the duty to assure that it has subject matter jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. *See* 28 U.S.C. § 2254(a); *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

---

[2]"SHR" refers to the record of petitioner's state habeas application no. WR-78,461-02.

Petitioner's sentence for the underlying conviction fully expired long before the instant petition was filed. Thus, petitioner was not "in custody" for purposes of § 2254. Nor do the sex-offender-registration requirements, presumably imposed by the state as a result of the 2000 conviction, place him "in custody" for purposes of habeas jurisdiction. *See Tello v. Thaler*, No. 3:12-CV-3716-L, 2012 WL 4932172, at *2 (N.D.Tex. Sept. 14, 2012), *adopted*; 2012 WL 4930085 (N.D.Tex. Oct. 17, 2012); *Cramer v. Quarterman*, No. 4:06-CV-201-A, 2006 WL 2252714, at *2 (N.D.Tex. Aug. 4, 2006). *See also Wilson v. Flaherty*, 689 F.3d 332, 336-38 (4th Cir. 2012) (sex offender registration requirements do not satisfy the "in custody" requirement for purposes of federal habeas relief); *Virsnieks v. Smith*, 521 F.3d 707, 718-20 (7th Cir.), *cert. denied*, 555 U.S. 868 (2008) (same); *Leslie v. Randle*, 296 F.3d 518, 521-23 (6th Cir. 2002) (same); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (same); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir.), *cert. denied*, 528 U.S. 963 (1999) (same); *Williamson v. Gregoire*, 151 F.3d 1180, 1184-85 (9th Cir. 1998), *cert. denied*, 525 U.S. 1081 (1999) (same). The court has no jurisdiction to entertain the petition.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and

recommendation until July __19__, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until July __19__, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June __28__, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

4