IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM MARK SULLIVAN, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:13-CV-135-Y |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, T.D.C.J. | § | |
| Correctional Institutions Div. | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner William Mark Sullivan under 28 U.S.C. § 2254, the Court has made an independent review of the following matters:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on June 28, 2013; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on July 16, 2013.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, and that the petition for writ of habeas corpus must be dismissed for lack of jurisdiction, for the reasons stated in the magistrate judge's findings and conclusions.[1]

---

[1] Sullivan argues that he must be "in custody" for purposes of the challenged 2000 conviction for aggravated sexual assault of a child in case number CR10805, because without that underlying conviction, for which he has discharged the sentence, there could not be the present conviction for failing to satisfy state sex-offender registration requirements. This type of argument has been directly rejected. *See Barrientos v. Dallas County District Attorney's Office,* No.3:12-CV4753-O-BN, 2013 WL 1499382, at *2 (N.D. Tex. Jan. 18, 2013)("Although Petitioner's present confinement for failure to register as a sex offender would not have been possible without the underlying indecency convictions, that fact is insufficient to provide subject matter jurisdiction over his challenge to the 2006 convictions"), *rec. adopted*, 2013 WL 1501623 (April 12, 2013)(O'Connor, J)(*citing Telio v. Thaler,* No.3:12-CV-3716-L-BH, 2012 WL 4932172, at *1-2 (N.D.Tex. Sep. 14, 2012), *rec. adopted*, 2012 WL 4930085 (N.D. Tex. Oct. 17, 2012)(Lindsey, J)). For this additional reason, Sullivan's objections are overruled.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

William Mark Sullivan's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction.[2]

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[3] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[4] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[5] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[6]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Sullivan has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of

---

[2]The Court therefore does not reach the alternative argument made by the respondent that the petition under § 2254 is time-barred.

[3]*See* Fed. R. App. P. 22(b).

[4]RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[5]28 U.S.C.A. § 2253(c)(2)(West 2006).

[6]*Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

2

appealability should not issue for the reasons stated in the June 28, 2013 Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[7]

Therefore, a certificate of appealability should not issue.

SIGNED July 29, 2013.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[7] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).

3